# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 7, 2014

| | |
|---|---|
| * * * * * * * * * * * * * ** <br> SARAH BEHIE,                          * <br>                                               * <br>            Petitioner,               * <br>                                               * <br> v.                                          * <br>                                               * <br> SECRETARY OF HEALTH      * <br> AND HUMAN SERVICES,     * <br>                                               * <br>            Respondent.              * <br>                                               * <br> * * * * * * * * * * * * * ** | UNPUBLISHED <br><br> No. 13-109V <br><br><br><br> Special Master Dorsey <br><br> Ruling on Entitlement; influenza <br> (flu) vaccine; Guillain-Barré syndrome <br> (GBS); respondent will not defend. |

Lawrence R. Cohan, Anapol Schwartz, et. al., Philadelphia, PA, for petitioner.
Lisa Ann Watts, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED RULING ON ENTITLEMENT[1]

On February 8, 2013, Sarah Behie ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that she suffered Guillain-Barré syndrome ("GBS"), which was caused by an influenza ("flu") vaccine administered to her on October 5, 2010. See Petition ("Pet.") at ¶¶1-7.

In support of her claim, petitioner filed numerous medical records, the expert report of Dr. Marcel Kinsbourne, and medical literature. In his report, Dr. Kinsbourne opines that petitioner's October 5, 2010 influenza vaccination "significantly contributed to the causation of

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006). In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

her Guillain-Barre Syndrome." Pet'r's Ex. 11 at 6.

On April 17, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) in which she states that although she does not believe that the available evidence is sufficient in this case to prove vaccine causation, she has, in light of prior cases in which special masters have found similar evidence to support a finding of causation, decided not to defend entitlement but rather to allocate her resources to determining the amount of compensation to be awarded to petitioner. Respondent's Report at 6-7.  Thus, respondent states, she will not further defend the case. Id. at 7.

In view of respondent's position and of the undersigned's review of the entire record, see § 300aa-13(a)(1), the undersigned finds that petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine.  42 C.F.R. § 100.3(a)(XIV); Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274 (Fed. Cir. 2005).  A separate damages order will issue.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey  
Nora Beth Dorsey  
Special Master