# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 13-109V
(Filed: June 2, 2014)

```
* * * * * * * * * * * * * *   *
SARAH BEHIE,                  *    UNPUBLISHED
                              *    Special Master Dorsey
              Petitioner,     *
                              *
v.                            *
                              *    Decision on Proffer; Damages;
SECRETARY OF HEALTH           *    Influenza (Flu) Vaccine;
AND HUMAN SERVICES,           *    Guillain-Barré Syndrome (GBS);
                              *    Respondent Will Not Further Defend
              Respondent.     *
                              *
* * * * * * * * * * * * * *   *
```

Lawrence R. Cohan, Anapol, Schwartz, et. al., Philadelphia, PA, for petitioner.
Lisa Ann Watts, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On February 8, 2013, Sarah Behie ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  The petition alleges that petitioner suffered Guillain-Barré syndrome (GBS) which was caused by an influenza (flu) vaccine administered to her on October 5, 2010.  Petition at ¶¶ 1-7.

Respondent states that upon her review of the facts of this case, she does not believe that the available evidence is sufficient to prove causation in this case.  Nevertheless, respondent

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

recognizes that when faced with similar evidence in past cases, some special masters have found such evidence to satisfy petitioners' burden of proving causation, and respondent does not wish to present evidence to rebut such a finding here. Thus, respondent states that she will not further defend entitlement in this case. Respondent's Report at 6-7, filed April 17, 2014.

Informed by respondent's position in this case and upon a review of the record as a whole, the undersigned finds that petitioner is entitled to compensation under the Vaccine Act.

On May 30, 2014, respondent filed a Proffer on Award of Compensation ("Proffer"). In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

A. **A lump sum payment of $1,012,709.87,** representing compensation for life care expenses expected to be incurred during the first year after judgment ($49,355.06), lost earnings ($711,723.75), pain and suffering ($250,000.00), and past unreimbursable expenses ($1,631.06), **in the form of a check payable to petitioner, Sarah Behie.**

B. **A lump sum payment of $58,753.56,** representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, **payable jointly to petitioner and**

> **Department of Public Welfare**
> **Attn: Marie A. Trayer**
> **PA DPW**
> **P.O. Box 8486**
> **Harrisburg, PA 17105-8486**
> **Medicaid Id: 830152062**

Petitioner agrees to endorse this payment to the Department of Public Welfare.

C. An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer and the attachments to that Proffer.

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey  
Nora Beth Dorsey  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SARAH BEHIE, ) | |
| ) | **ECF** |
| Petitioner, ) | |
| ) | |
| v. ) | No. 13-109V |
| ) | Special Master |
| SECRETARY OF HEALTH AND HUMAN ) | Nora Beth Dorsey |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Items of Compensation**

   A.     Life Care Items

Respondent engaged life care planner Laura Fox, MSN, RN, CNLCP, and petitioner engaged Roberta Hurley and Ellen Econs to provide an estimation of Sarah Behie's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the special master's Ruling on Entitlement issued May 7, 2014.  All items of compensation identified in the parties' joint life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Sarah Behie, attached hereto as Tab A.[1]  Respondent proffers that Sarah Behie should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

B.   Lost Earnings

The parties agree that based upon the evidence of record, Sarah Behie has suffered a past loss of earnings and will continue to suffer a loss of earnings in the future.  Therefore, respondent proffers that Sarah Behie should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for Sarah Behie's lost earnings is $711,723.75.  Petitioner agrees.

C.   Pain and Suffering

Respondent proffers that Sarah Behie should be awarded $250,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents Sarah Behie's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,631.06.  Petitioner agrees.

E.   Medicaid Lien

Respondent proffers that Sarah Behie should be awarded funds to satisfy the Commonwealth of Pennsylvania lien in the amount of $58,753.56, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to, or on behalf of, Sarah Behie from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 5, 2010, under Title XIX of the Social

Security Act.

## II. Form of the Award

The parties recommend that the compensation provided to Sarah Behie should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $1,012,709.87, representing compensation for life care expenses expected to be incurred during the first year after judgment ($49,355.06), lost earnings ($711,723.75), pain and suffering ($250,000.00), and past unreimbursable expenses ($1,631.06), in the form of a check payable to petitioner, Sarah Behie.

B. A lump sum payment of $58,753.56, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, payable jointly to petitioner and

> Department of Public Welfare
> Attn: Marie A. Trayer
> PA DPW
> P.O. Box 8486
> Harrisburg, PA 17105-8486
> Medicaid ID: 830152062

Petitioner agrees to endorse this payment to the Department of Public Welfare.

C. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

-3-

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Sarah Behie, only so long as Sarah Behie is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Sarah Behie, is alive at the time that a particular payment is due.

---

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program (con't) System of Records, No. 09-15-0056.

Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Sarah Behie's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

| | | |
|---|---|---|
| A. | Lump Sum paid to petitioner, Sarah Behie: | **$1,012,709.87** |
| B. | Medicaid Lien: | **$     58,753.56** |
| C. | An amount sufficient to purchase the annuity contract described above in section II. C. | |

    Respectfully submitted,

    STUART F. DELERY
    Assistant Attorney General

    RUPA BHATTACHARYYA
    Director
    Torts Branch, Civil Division

    VINCENT J. MATANOSKI
    Deputy Director
    Torts Branch, Civil Division

    LINDA S. RENZI
    Senior Trial Counsel
    Torts Branch, Civil Division

    <u>s/Lisa A. Watts</u>
    LISA A. WATTS
    Senior Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146
    Benjamin Franklin Station
    Washington, D.C.  20044-0146
    Telephone: (202) 616-4099

Dated:  May 30, 2014.

Appendix A: Items of Compensation for Sarah Behie

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2014 | Compensation Year 2 2015 | Compensation Years 3-5 2016-2018 | Compensation Year 6 2019 | Compensation Years 7-10 2020-2023 | Compensation Year 11 2024 | Compensation Year 12 2025 | Compensation Years 13-15 2026-2028 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medigap F | 5% | | | 2,544.00 | 2,544.00 | 2,544.00 | 2,544.00 | 2,544.00 | 2,544.00 | 2,544.00 | 2,544.00 |
| Medicare Part D | 5% | | M | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 |
| OTC Meds | 4% | | | 242.22 | 242.22 | 242.22 | 242.22 | 242.22 | 242.22 | 242.22 | 242.22 |
| Rheumatology | 5% | * | | | | | | | | | |
| Kidney Specialist | 5% | * | | | | | | | | | |
| Neurology | 5% | * | | | | | | | | | |
| Nutritionist | 4% | * | | | | | | | | | |
| Counseling | 4% | * | | | | | | | | | |
| Rehab | 4% | * | | | | | | | | | |
| Orthotics | 4% | * | | | | | | | | | |
| Finger Splints | 4% | * | | | | | | | | | |
| Manual WC | 4% | | | 895.00 | | | 895.00 | | 895.00 | | |
| Gel Seat for WC | 4% | | | 54.99 | 27.50 | 27.50 | 27.50 | 27.50 | 27.50 | 27.50 | 27.50 |
| Power WC | 4% | * | | | | | | | | | |
| Battery Repl | 4% | * | | | | | | | | | |
| Power WC Maint | 4% | * | | | | | | | | | |
| Seated Wheeled Walker | 4% | | | | 89.47 | 17.89 | 17.89 | 17.89 | 17.89 | 17.89 | 17.89 |
| Adj Bed | 4% | | | | | | | | | | |
| PT Equip | 4% | | | | 584.60 | | | | | 584.60 | |
| Zipper Pull/ Hook | 4% | | | 15.48 | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 |
| Universal Cuff | 4% | | | 11.93 | 11.93 | 11.93 | 11.93 | 11.93 | 11.93 | 11.93 | 11.93 |
| Medical Stockings | 4% | | | 63.96 | 63.96 | 63.96 | 63.96 | 63.96 | 63.96 | 63.96 | 63.96 |
| Reacher | 4% | | | 20.89 | 4.18 | 4.18 | 4.18 | 4.18 | 4.18 | 4.18 | 4.18 |
| ADL | 4% | | | 250.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Bath Chair | 4% | * | | | | | | | | | |
| Raised Toilet Seat | 4% | | | 29.75 | 7.44 | 7.44 | 7.44 | 7.44 | 7.44 | 7.44 | 7.44 |
| Moist Heat Mitt | 4% | | | 73.20 | 36.60 | 36.60 | 36.60 | 36.60 | 36.60 | 36.60 | 36.60 |
| Microsoft Surface | 4% | | | 499.99 | | | | | | | |

**Appendix A: Items of Compensation for Sarah Behie**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015 | 2016-2018 | 2019 | 2020-2023 | 2024 | 2025 | 2026-2028 |
| Dragon Naturally Speaking | 4% | | | 99.99 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Home Care | 4% | | M | 39,520.00 | 39,520.00 | 29,640.00 | 29,640.00 | 29,640.00 | 29,640.00 | 29,640.00 | 29,640.00 |
| Home Mods | 4% | | | | 2,000.00 | | | | | | |
| Access Van | 4% | | | | 53,200.00 | | | | | 42,560.00 | |
| Case Mngt | 4% | | | 1,800.00 | 900.00 | 900.00 | 900.00 | | | | |
| Lost Earnings | | | | 711,723.75 | | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 1,631.06 | | | | | | | |
| Medicaid Lien | | | | 58,753.56 | | | | | | | |
| Annual Totals | | | | 1,071,463.43 | 102,538.66 | 36,802.48 | 37,697.48 | 35,902.48 | 36,797.48 | 79,047.08 | 35,902.48 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($49,355.06), lost earnings ($711,723.75), pain and suffering ($250,000.00), and past unreimbursable expenses ($1,631.06): $1,012,709.87.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Pennsylvania Department of Public Welfare as reimbursement of the state's Medicaid lien: $58,753.56.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
In respondent's discretion items denoted with "M" payable in 12 monthly installments summing to the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 16 | Compensation Years 17-20 | Compensation Year 21 | Compensation Year 22 | Compensation Years 23-41 | Compensation Year 42 | Compensation Years 43-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2029 | 2030-2033 | 2034 | 2035 | 2036-2054 | 2055 | 2056-Life |
| Medicare Part B Premium | 5% | | M | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 | 1,258.80 |
| Medicare Part B Deductible | 5% | * | | | | | | | | |
| Medigap F | 5% | | | 2,544.00 | 2,544.00 | 2,544.00 | 2,544.00 | 2,544.00 | 2,268.00 | 2,268.00 |
| Medicare Part D | 5% | | M | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 | 1,974.86 |
| OTC Meds | 4% | | | 242.22 | 242.22 | 242.22 | 242.22 | 242.22 | 242.22 | 242.22 |
| Rheumatology | 5% | * | | | | | | | | |
| Kidney Specialist | 5% | * | | | | | | | | |
| Neurology | 5% | * | | | | | | | | |
| Nutritionist | 4% | * | | | | | | | | |
| Counseling | 4% | * | | | | | | | | |
| Rehab | 4% | * | | | | | | | | |
| Orthotics | 4% | * | | | | | | | | |
| Finger Splints | 4% | * | | | | | | | | |
| Manual WC | 4% | | | 895.00 | | 895.00 | 179.00 | 179.00 | 179.00 | 179.00 |
| Gel Seat for WC | 4% | | | 27.50 | 27.50 | 27.50 | 27.50 | 27.50 | 27.50 | 27.50 |
| Power WC | 4% | * | | | | | | | | |
| Battery Repl | 4% | * | | | | | | | | |
| Power WC Maint | 4% | * | | | | | | | | |
| Seated Wheeled Walker | 4% | | | 17.89 | 17.89 | 17.89 | 17.89 | 17.89 | 17.89 | 17.89 |
| Adj Bed | 4% | | | | | | | | | |
| PT Equip | 4% | | | | | | 584.60 | 58.46 | 58.46 | |
| Zipper Pull/ Hook | 4% | | | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 | 3.10 |
| Universal Cuff | 4% | | | 11.93 | 11.93 | 11.93 | 11.93 | 11.93 | 11.93 | 11.93 |
| Medical Stockings | 4% | | | 63.96 | 63.96 | 63.96 | 63.96 | 63.96 | 63.96 | 63.96 |
| Reacher | 4% | | | 4.18 | 4.18 | 4.18 | 4.18 | 4.18 | 4.18 | 4.18 |
| ADL | 4% | | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Bath Chair | 4% | * | | | | | | | | |
| Raised Toilet Seat | 4% | | | 7.44 | 7.44 | 7.44 | 7.44 | 7.44 | 7.44 | 7.44 |
| Moist Heat Mitt | 4% | | | 36.60 | 36.60 | 36.60 | 36.60 | 36.60 | 36.60 | 36.60 |
| Microsoft Surface | 4% | | | | | | | | | |

Appendix A:  Items of Compensation for Sarah Behie                                                                        Page 4 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 16 2029 | Compensation Years 17-20 2030-2033 | Compensation Year 21 2034 | Compensation Year 22 2035 | Compensation Years 23-41 2036-2054 | Compensation Year 42 2055 | Compensation Years 43-Life 2056-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| Dragon Naturally Speaking | 4% | | | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Home Care | 4% | | M | 29,640.00 | 29,640.00 | 29,640.00 | 29,640.00 | 29,640.00 | 29,640.00 | 29,640.00 |
| Home Mods | 4% | | | | | | | | | |
| Access Van | 4% | | | | | | 42,560.00 | 4,256.00 | 4,256.00 | 4,256.00 |
| Case Mngt | 4% | | | | | | | | | |
| Lost Earnings | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | |
| Medicaid Lien | | | | | | | | | | |
| Annual Totals | | | | 36,797.48 | 35,902.48 | 36,797.48 | 79,226.08 | 40,395.94 | 40,119.94 | 40,061.48 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($49,355.06), lost earnings ($711,723.75), pain and suffering ($250,000.00), and past unreimbursable expenses ($1,631.06): $1,012,709.87.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Pennsylvania Department of Public Welfare as reimbursement of the state's Medicaid lien: $58,753.56.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

In respondent's discretion items denoted with "M" payable in 12 monthly installments summing to the annual amount indicated.